OPINION of the Court, by
Judge Boyle.
— The appellee, who was plaintiff in the circuit court, brought auit, by petition and summons, against the appellant, up- -} , , f ’ 6 , L Vp, on a notes under seal, tor the payment of money. Ihe defendant, in bar of the action, pleaded, ⅛ substance, that the plaintiff holding a bond upon William Calk, ky assignment from — Poag, for a tract or parcel of land, lying in the circuit aforesaid, being part of said Calk’s pre-emption, offered to sell the same, and assign the bond aforesaid to the defendant, and represented the title of said land to be indefeasible and undoubted; defendant, relying on the representations of the Pontiff as to the goodness of the title, agreed to purchase the same, and executed the note in the petition mentioned in part payment therefor, and for no other or further consideration ; that in fact the title of said land is not, nor was at the time of the assignment of said bond, in the plaintiff, his assignor or obligor, and that therefore no consideration passed from the plaintiff to the defendant; all whieh he avers he is ready t» *501 verify: wherefore he prays judgment, &c. The plain»tiff having replied, the defendant demurred to his re»-plication ; but the demurrer being overruled by the court, judgment was given for the plaintiff; from which the defendant appealed.
The error assigned questions the correctness of the opinion of the court in overruling the demurrer. As the demurrer brings before the court the whole* state of the pleadings, at least so far as is necessary for the attainment of the very right of the case, before deciding upon the objections to the plaintiff’s replication, it is proper to enquire into the sufficiency of the defendant’s plea as a bar to the action. This enquiry involves the consideration of the statutory provision which authori-ses a defendant in an action on a bond, or other instrument under seal, by special pita to impeach (a), or go into the consideration thereof, m the same manner as if it had not been sealed.
Except in cases of bills of exchange and promissory notes for money or tobacco, upon the former of which an action lay at common law, and upon the latter by a statute of Virginia of 1748, upon no contract or agreement evidenced only by parol, or by writing not having the solemnity of a seal, can an action be maintained without averring and proving a consideration. But in an action founded upon an instrument under seal, which, in technical language, is denominated a specialty, the instrument itself importing a consideration, and constituting the basis or substratum of the action, no averment of consideration is necessary.
It is, however, a principle common to both simple contracts and specialties, that if the consideration upon which they are founded is either malum, in se or malum prohibitum, the contract is thereby vitiated, and may be avoided.
In the case of simple contracts, the plaintiff being obliged to allege in his declaration the consideration of the contract, the defendant can avail himself of its vi-tiousness without the aid of a special plea; but in the case of a specialty, the illegality of the consideration must be shewn by the defendants, which, anterior to the *502 provision of the statute in question, might be done by ¾ special plea. To limit the operation of the statute to actions on specialties voidable on account of the illegality of their consideration, would therefore be rendering it a dead letter, or at most giving to it the efficacy of an act merely declaratory of what the law was before its passage. But the act not professing to be declaratory of what was the law, but plainly importing to be introductory of a new rule, we must so consider it, and ascertain in what cases it can and ought to have effect. There are but two descriptions of cases in which this provision, considered as introductory of a new rule, can be applied. The one where there is no consideration, and the other where there has, been a total failure o£, consideration.
How far it ought to be applied to the case of a specialty without consideration, is questionable. If it is to be a rule in a case of this kind, then the plaintiff may be driven in every action upon a specialty to the proof of the consideration, an evil of no slight consequence, and to guard against which, seems to have been a principal object in giving to contracts the solemn form of a deed. Besides, the language of the act renders its ap* plication to cases of this kind very questionable. “ To impeach or go into the consideration,” seems strongly to imply that it is not a mere nonentity that is to be impeached or gone into. But it is not necessary in the present cause to decide this question ; the defence consisting not in a denial of the consideration, but in an attempt to shew that it has failed. To succeed in a de-fence of this sort the failure of the consideration should be shewn to be so total and complete, that if the money had been paid an action could be maintained for its repetition ; a partial failure is not sufficient. If for example, in the sale of property it turns out different from what it was warranted or represented to be, the ven-dee ought not to be permitted to preclude an action, for the recovery of the price whilst he retains the property. In such a case he may either resort to a court of chancery for the rescisión of the contract, whereby the parties will be restored to their former situation and equal justice be done ; or he may have his action at law, to recover damages for the fraud in the sale of the property. But in an action brought for the price, ths *503 ifoodes of proceeding and the forma of action and of defence, known to the common law, arc utterly inadequate for the attainment of equal justice between the parties.
In such an action, even when founded upon simple contract, the general issue would neither apprise the plaintiff of the nature of the defence intended, nor enable him to shew from the record, that the question of a partial failure or fraud in the consideration had been litigated. If a special plea in bar, alleging a partial failure of the consideration, should be sustained, then the plaintiff would be precluded from recovering what he was manifestly entitled to ; a special plea in mitigation of the plaintiff’s right is unknown to the law. It follows therefore, that equal justice in such an action could not be done.
In the case now before the court, if the defence should be supported, the assignment of the bond upon Calk having transferred the legal right thereto to the defendant, he would, notwithstanding he had prevented the plaintiff from a recovery against him, have a right to bring suit upon Calk’s obligation for the land or its value. If he could have availed himself in this action, of the fraud in the representation of the title, and thereby have nullified the contract, he ought to have stated in his plea that he had re-assigned, or offered to re-assign to the plaintiff, the bond upon Calk. If he meant to rely up&n the failure of Calk to perform his covenant, to convey the land or make indemnity therefor, he should have shewn that he had used due diligence in attempting to obtain such performance or indemnity. Not having shewn these circumstances, or either of them, by his plea, it must be deemed insufficient; and his plea being insufficient, it renders it unnecessary to enquire into the validity of the objection to the plaintiff’s replication thereto.-Judgment affirmed.

 Lit. E.L. K 2 vol 442.

 Slack vs. Price, ante 273- vs. Grugett, 449-Mitchell vs. Gregory, 452 — Bodine vs. Wade, 459 — Birks vs. Trippett, I Sand.-33 — Tidd’s Prac. K. B. 324-Ab. title pleasand pleadings, (N. 3.) -Hobart 56.