Judge Mills
delivered the opinion.
Tbe appellee brought a summons and petition against the appellant, on a promissory note. The appellant pleaded in avoidance, “Thai on the day ef the date of the note, the appellee exposed to sale at public auction, to the highest bidder, without reserve, divers lots or parcels of land; but, at the same time, secretly, fraudulently, and illegally employed puffers as by-bidders, to bid on account of the appellee for said lots, who did then and there bid lor some of them, and particularly for one, which was then and there cried off to the appellant at a high and unreasonable sum, as t he highest bidder, and far the amount of his bid, for which he gave the writing in the petition mentioned, not knowing of the puffing and by-bidding aforesaid.” — - This plea the court adjudged iil on demurrer, and gave judgment for the appellee; to reverse which this appeal is prosecuted.
In deciding on the sufficiency of this plea, we have not thought it necessary to enquire and decide how far such puffing at auction ought to go in vitiating a contract. For, admitting a contract invalid on that account, it does not follow that a court of [aw can in every case sustain the de-fence by plea to avoid the consideration secured by a written contract. It is true that a court of law, as well as a court of equity, ought to take notice of and decide against fraud. But this rule ought to apply only in cases where the court of law can reach the whole transaction, give the proper relief, and do justice to both parties. And where a court of law, from its forms and modes of proceeding, cannot give partial relief, and if it decides against the whole consideration, must do injustice to the opposite party, then the party claiming the relief must be left to his remedy by action on the case for the fraud, or to his bill in equity to set aside the contract. If the appellant in this suit had brought his action upon the case, he could only recover such damages as he had sustained, liquidated by a jury in that action, and which the jury in this action could not assess in his favor and deduct from the consideration secured by the note. If he brought his bill in equity to set aside the contract, he must at the same time restore the estate purchased, proliabiy accounting for rents, which relief cart: *527 not be had in this suit as matter of defence. His plea does not complain that be received no value for the note, or that the,consideration has entirely failed; but that through the artifice of the appellee, that consideration was swelled to a price beyond what it ought to have been, for which excess a court of law cannot, by way of defence, afford him relief. He does not allege that cd the discovery of the fraud, be restored the lot or reconveyed it, or that be in any manner tendered a rescisión of the whole contract, which was necessary for him to have dore, and to have shewn it in his plea, to make the defence a good one. For any thing that appears, be adheres to the lot, and contends by bis plea for abatement of the price, or a total discharge from it. What then must be the consequence of sustaining his defence? The price of the property must be lessened, and he allowed to retain it according to its new value assessed by the jury in this case, which they cannot by law assess; or he must be released from the whole demand, and retain the lot besides, without any remedy left for the appellee, or at least a very doubtful one, by which he might regain the lot, which is admitted to be of some value, tho’ not as high as the appellant was induced, by stratagem, to give at the sale. We therefore conceive there is no error in the judgment of the inferior court. See Peebels vs. Stevens, 1 Bibb, 500, and sundry subsequent cases.
Crittenden and Crane for appellant, Bibb and Lilteil contra.
The judgment must be affirmed with damages and costs.